ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS HIRAM ORTIZ-CAMERON, | * |
| Petitioner-Appellant, | * |
| v. | * APPEAL NO.04-1880 |
| | * CIVIL NO.97-1629 (GG) |
| UNITED STATES OF AMERICA, | * (DC DKT NO.88-253 (GG)) |
| Respondent-Appellee. | * |

ON PETITION FOR A CERTIFICATE OF APPEALABILITY FROM
THE DISTRICT COURT

TO THE HONORABLE JUAN M. PEREZ-GIMENEZ, UNITED STATES DISTRICT JUDGE:

COMES NOW the Petitioner-Appellant, Luis Hiram Ortiz-Cameron, ("hereinafter Ortiz"), **pro se**, and hereby moves this Honorable Court to grant this petition for a Certificate of Appealability ("COA"), pursuant to the Order of the United States Court of Appeals, for the First Circuit, entered July 7, 2004, directing Ortiz to apply for a COA from the District Court fortwith (Exhibit "A"). In support thereof states the following:

I. BACKGROUND

The facts that give rise to the underlying criminal conviction are chronicled in the First Circuit's opinion in **United States v. Ortiz-Arrigoitia**, 996 F2d 436 (1st Cir.1993), and it would be pleonastic to repeat them here. This case has a lengthy and complex procedural history that is summarized briefly solely as it pertains to the claims raised in this petition.

1

Circa April 24, 1997, Ortiled filed a 28 U.S.C. §2255 motion, raising several claims, **inter alia**, of trial counsel's malfeasance, in violation of Sixth Amendment Rights. [1].[1] The district court denied the motion on July 12, 1999 [21]. On September 7, 1999, Ortiz filed a motion for reconsideration under Rule 60(b) F.R.Civ. P., asking the court to address, **inter alia**, his claim of "pre-trial conflict of interest" with trial counsels. [24]. On October 4, 1999, the court (Gierbolini, Sr. D.J.) denied the motion without addressing the aforesaid claim [26]. On January 18, 2000, Ortiz requested a COA, asking again the district court to address the merits on his raised, but unruled claim of pre-trial conflict of interest [31], which this Court denied stating: "[w]e have examined petitioner's argument, as expounded in his §2255 motion, and as explained in detail in our Opinion and Order of September 7, 1999 (sic), we find that he has failed to make a substantial showing of a denial of a constitutional right." [32]. However, the district court <u>never</u> issued an Opinion and Order in September 7, 1999 (emphasis added), so Ortiz never knew based on what conclusion of law (examination and explanation) the court denied Ortiz's request for a COA [31], for the court's September 7, 1999, does not exist in the record, nor did Ortiz receive a copy of such order. Ortiz than sought request of a COA in the Circuit Court, again asserting a claim for the pre-trial conflict of interest with trial counsels. **See,** Appellant's Memorandum of Law in Support of Certificate of Appealability, filed March 20,

---

1. References pertaining to this case are in docket in Civil Case No.97-1629.

2000. the Clerk of the Court for the First Circuit entered judgment denying a COA and terminated the appeal on May 3, 2000. On May 31, 2000, Ortiz filed for a panel rehearing, which the Circuit Court denied on October 4, 2000. On October 7, 2002, the Supreme Court denied his petition for a writ of certiorari. **See 123 S.Ct.127** (2002). On May 23, 2003, Ortiz filed the Rule 60(b)(6) motion now the cause of this action [36], which seeks review of the court's order of September 7, 1999 (which was never issued), denying the §2255 motion, and the order denying the motion for reconsideration [26]. This latter motion "only" seeks relief on the grounds that the district court failed to review and adjudicate judgment on the merits on raised but unruled claims. Because this Court <u>never</u> adjudicated judgment on some of the claims raised in Ortiz's §2255 proceedings [1, 24], the motion should not be dismissed to avoid a clear manifest injustice.

## II. STANDARD OF REVIEW FOR ISSUING A COA

Pursuant to **Miller-El v. Cockrell,** 537 U.S. 322 (2002); and **Slack v. McDaniel,** 529 U.S. 473 (2000), Ortiz respectfully moves this Honorable Court, to issue a Certificate of Appealability on the grounds that the pleadings show a claim or allegation of violations of constitutional rights, pursuant to §2253(c)(2), which have remained "unruled" in the pleadings, or which, if adjudicated on the (pending) merits, reasonable jurists could debate [or for that matter, agree] that the petition should have been resolved in a different manner or that the issues presented, but not ruled on, were adequate to deserve encouragement to proceed further. **Slack,** 529 U.S. at 482.

3

### III. CLAIMS PRESENTED FOR REVIEW

1. Ortiz's claim of pre-trial conflict of interest with trial counsels has never been addressed by the Court, which represented a violation of Rule 44 Fed.R.Crim. P., and Holloway v. Arkansas, 435 U.S. 475 (1978), and the claim remains in the record without adjudication on the merits.

It is conceded that Ortiz's haphazard motions have unwitingly mingled decided and undecided claims, back and forth, giving the "false appearance" that he is rehashing the same arguments already addressed and disposed of by this Court. However, as set forth below, Ortiz asserts that there are still claims in the motions that remain unruled on the merits, requiring review of this Court, for those claims represent violations of constitutional rights requiring relief.[2] Albeit Ortiz has fortitudely tussled about to obtain the deserved relief, to no avail, for he has raised some decided claims interspersed with other still undecided claims, when they should have been raised asunder, it is axiomatic that "this claim" remains in the record without adjudication on the merits, deserving encouragement to proceed further, and as such-- in this unique situation--a Rule 60(b) motion is the only avenue to pursue to reopen the judgment denying the §2255 procedure, when the court terminated the §2255 litigation "without judgment

---

2. Ortiz is **pro se**, and benighted in the English language, in the intricacies of the law and in the maze of court's procedures. His motions were drafted by untrained-in-the-law inmates, and this Court should accord him a measure of latitude in reviewing his claims. **Nunnally v. McCausland**, 996 F2d 1 (1st Cir.1993); **Frey v. Schuetzle**, 78 F3d 359 (8th Cir. 1996)(Pro se habeas petition must be given liberal construction, and petitioner is not required to identify specific legal theories or offer case citation in order to be entitled to relief).

4

on the merits," on this particular claim, thus review of the 60 (b) motion is warranted. **Pratt v. United States**, 129 F3d 54, 60 n.6 (1st Cir.1997)(a second petition is not "second or successive" ...if the earlier petition terminated without a judgment on the merits)(emphasis added).

Two grounds are glaringly evident here for review: First, the record speaks that the district court denied Ortiz's request for a COA on January 18, 2000 [31], predicated on a blunt ruling. The court stated that it denied a COA for Ortiz based upon the Court's Opinion and Order of September 7, 1999 [32]. However, the court <u>never</u> issued an Opinion and Order on September 7, 1999, and the government conceded to that effect [**See** Govnt's Response. Doc. 42, pg.3, n.4]. The court's docket does not reflect the filing of such Opinion and Order, nor did Ortiz receive a copy of same. Consequently, the court's denial of Ortiz's petition for a COA [31], was based on a mistaken court procedure, and he should be allowed to obtain all relief he was due under pending motion, and action of this Court would make it unnecessary for Court of Appeal's intervention. **See, United States v. Powell**, 161 F3d 738, 739 (D.C.1998). Second, this Court and the government have acknowledged that Ortiz, indeed, raised a claim of pre-trial conflict of interest with his trial counsels: Alberto Tellechea & Luis A. Delgado. In fact, neither the court nor the government have disputed that claim. However, the record clearly evinces that the court <u>never</u> made a ruling on this specific claim, ergo, Ortiz's claim has not been "adjudicated on the merits," for the court has failed to review this constitutional claim, that the court had notice

5

of the "pre-trial conflict of interest claim," but failed to make an inquiry, violating Ortiz's rights to a conflict-free representation, pursuant to Rule 44 F.R.Crim.P., and **Holloway v. Arkansas**, giving the appearance of impropriety, requiring the vacation of the judgment pursuant to **Liljeberg v. Health Services Corp.**, 486 U.S. 847 (1988)(quoting Rule 60(b) as the only remedy for relief); and **Neder v. United States**, 527 U.S. 1 (1999), on grounds that a genuine question exists dovetailed with the trial judge's decision to ignore Ortiz's complaints against his trial attorneys against whom the complaint was raised, and the judge's failure to inquire of the conflict or to address the same, gives the appearance of impartiality. **See, Aetna Life Ins. Co., v. Lavoie**, 475 U.S. 813, 824-25 (1986)(holding that the Justice's interest in the case was "direct, personal, substantial, [and] pecuniary" and concluding that his participation in the case violated appellant's due process rights)(internal quotations and citations omitted)(alteration in original).[3] **Kamen v. Kemper Financial Services, Inc.**, 500 U.S. 90,

---

3. In the record exists proof that Ortiz mailed a letter on June 3, 1990, to Judge Gierbolini. Ortiz wrote this letter in Spanish, because Ortiz knows no English, and Judge Gierbolini is fluent in Spanish. Judge Gierbolini **has never denied** [in his orders] that he did not receive the letter. This letter was eventually translated to English by the Certified Court Interpreter for the convenience of the Court (Exhibit "B"). The letter clearly informed the trial judge of the serious duress and problems Ortiz encountered with his trial counsels. **See, Richardson v. United States**, 193 F3d 545, 548 (D.C.1999)(applying **Haines** to hold that the District Court should have construed a **pro se** letter to judge to be an amended complaint)(quotations omitted). Based upon the valid complaint in this letter, Ortiz requested this Court to review this claim in his disarranged process, that the court did not construe liberally, which [claim] nevertheless remains unruled in the record, and the government has not refuted this particular claim. **See,** Rule 44 F.R.Crim.P.

99 (1991)(When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather it retains the independent power to identify and apply the proper construction of governing law).

It is vital that a court resolves "all claims" for relief in a §2255 motion, regardless of whether relief is granted or denied. **Clisy v. Jones**, 960 F2d 925, 935-36 (11th Cir.1992)(We are disturbed by the growing number of cases in which we are forced to remand for consideration of issues the district court chose not to resolve)(collecting cases). The district court (Gierboline, Sr., D.J.) was <u>fully informed</u> and aware of the pre-trial conflict of interest, both (1) by the June 3, 1990-letter, and (2) in Ortiz's post-conviction motions, and the court failed to make an inquire, and has thus failed to rule on this claim pursuant to **Holoway v. Arkansas**, 435 U.S. 475 (1978), and where the conflict of interest's claim has been ignored when it was brought to the court's attention in a timely fashion--as it is in the case at hand--but the court fails to make the required inquiry, the reversal is automatic. **Wood v. Georgia**, 450 U.S. 347 (1980); **Cuyler v. Sullivan**, 446 U.S. 335, 347 (1980); **Hamilton v. Ford**, 969 F2d 1006, 1011-12 (11th Cir.1992); **Strause v. Leonardo**, 929 F2d 548, 555 (2d Cir.1991). Hence, this Court's denial of Ortiz's motion to vacate sentence, which denial was based on recitation that claim had previously been presented and denied, should be reversed and the matter remanded, where record indicates that the claim had been presented to the district court, but was "not resolved on the merits." See, **Johnson v. United States**, 567 F2d 634 (5th Cir.

7

1978).

### 2. Ortiz's three Motions for Discovery, timely filed, are still pending for review before the District Court, in relation to the §2255 Proceedings.

Ortiz filed three (3) Motion for Discovery in the court for "exculpatory evidence" held by the trial attorneys that have refused to turn over to Ortiz, despite his repeated requests.[4] This evidence--when disclosed--will show how Ortiz's counsels committed perjured and fraud upon the Court by providing false affidavits, which the government's attorney used with its reply motion to hoax this Court to denial Ortiz's §2255's relief [12]. The only legal means to foil these attorneys' shrewed plot to eviscerate Ortiz's claim of his counsels' malfeasance is through the release of the requested evidence, which has been held in collusion with the government's attorney to violate Ortiz's right to be freed from his illegal conviction. **See, United States v. Vozzela**, 124 F3d 389, 392 (2nd Cir.1997)(Evidence to prove perjured testimony must be disclosed). This evidence falls within the **Brady** material, for the undisclosed evidence would demonstrate that the prosecutor's case included perjured affidavit from Ortiz's counsel [to cover-up his own malfeasance] and that the prosecutor knew, or should have known, of the perjury. **Kyler v. Whittley**, 514 U.S. 419

---

4. These three motions were filed in May 8, 1998; October 7, 1999; and March 2, 2000 [20, 27, and ___]. Ortiz filed for discovery in a timely manner. **See, Whittaker Corp. v. United States**, 482 F2d 1079, 1086 (1st Cir.1973). Ortiz fulfilled his obligation by seeking this discovery at a time prior to the entry of the adverse judgment. Based upon these extraordinary circumstance(s), Ortiz is entitled to relief from Judgment denying his §2255 motion under "catch all clause of rule." **Matarere v. LeFvre**, 801 F2d 98, 106 (2d Cir.1986); **Pratt v. United States**, 129 F3d 54, 60 n.6 (1st Cir.1997).

(1995). The fundamental unfairness of a denial obtained through the use of false affidavits is a conduct that not only violates constitutionally mandated disclosure obligations, but "involve[s] prosecutorial misconduct" in collusion with defense attorneys' unethical behavior as officers of the court, and a "corruption of the truth-seeking function of the court's process." The Supreme Court has therefore imposed "a strict standard of materiality" where the prosecution uses evidence that it knew or should have known was false. In such a case, the judgment must be set aside if there is any reasonably likehood that the false affidavits from trial counsels could have affected the judgment of this Court in denying Ortiz's §2255 motion. **See, e.g., Mooney v. Holohan,** 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); **Pyle v. Kansas,** 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); **Napue v. Illinois,** 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); **Brady v. Maryland,** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

In short, there are significant questions before the district court regarding discovery requested by Ortiz about his counsels' malfeasance, which remain unruled in the court's docket and without adjudication on the merits. The government has never disputed the pending of these motions. Hence, it was improper for the district court to deny Ortiz's pleadings, without first resolving <u>all</u> <u>motions</u> filed in relation to this claim. **See, United States v. Flores,** 135 F3d 1000 (5th Cir.1998)(in denying motion to vacate sentence district courts must state findings and conclusions for each individual issue raised upon which their rulings are based); **Strength v. Hubert,** 854 F2d 421, 426 (5th Cir.1988)(court's failure

to address issue in first motion requires remand).

    3.    **Resentencing is required pursuant to Blakely v. Washington, 542 U.S.\_\_\_(2004).**

Pursuant to **Blakely v. Washington**, Ortiz asserts that he is entitled for resentencing for the enhancements imposed by the district court pursuant to USSG §3B1.1 for leader/organizer at the sentencing hearing, are unconstitutional.

Ortiz argued in his direct appeal (Appeal No.91-1365), in his §2255 [Doc.1, pg.19], and in his motion for reconsideration [24], that the district court erred in imposing the leader and organized enhancement pursuant to USSG §3B1.1.

The lack of guidance from the Supreme Court at the time Ortiz foresought this enhancement to be incorrect, led the Circuit Court and this Court to make a conclusion of law which has now been clarified by the Supreme Court in **Blakely**, to shed light into the correct application of the Guidelines' enhancements. Since **Blakely** has ruled that the sentencing guidelines are statutes, Ortiz's sentence cannot exceed the lowest maximum of his Base Offense Level. This Court should be familiarized with the **Blakely** ruling and it needs not belaboring of its legal thesis. It suffices to say that the Supreme Court ruled that any enhancement made by the judge which were not submitted to the jury, are unconstitutional and violate the defendant's Sixth Amendment rights. Congruent with this ruling, the District Court in Maine, ruled that it is unconstitutional to increase the offense level for drug quantity beyond that found by the jury, or for any role enhancement, saving the defendant ("the ring leader of a signifi-

10

cant drug conspiracy") ten years. **See, United States v. Fanfan**, Cr.03-47 DBH (D.Maine, June 28, 2004). Similarly here, Ortiz should be entitled to resentencing for the jury did not find him guilty of the leader/organizer enhancement.

This claim can be review here **de novo** by this Court, **sua sponte**, for while §2255 does not expressly authorize the courts to refuse to entertain an otherwise appropriate §2255 petition on the ground that the point raised on appeal or on collateral review had previously been decided, §2255 can be employed to relitigate the [same] claim, where an intervening change or clarification of the law has occurred. **See, United States v. Loschiavo**, 531 F2d 659, 662-66 (2nd Cir.1976), such circumstances are present here. In **Davis v. United States**, 417 U.S. 333 (1974), the Supreme Court held that (1) the Court of Appeal's prior decision in the case did not prevent the petitioner's §2255 claim based on a change in the law to be relitigated, and (2) the petitioner's claim was not required to be of "constitutional dimension" in order to be recognized under Section 2255.

In essence, Ortiz preserved the claim in his prior pleadings, and this motion merely restates his claim, already rejected by the court, that the court erred in sentencing him under the leader/organizer enhancement pursuant to §3B1.1, USSG. To reiterate, courts have ruled that "§2255 proceedings may not be employed to relitigate questions which were raised and considered on direct appeal," see, **Cabrera v. United States**, 972 F2d 23, 25 (2nd Cir. 1992). However, the exception of the rule is when an intervining change or clarification in the law has taken place or where the

11

issues were not raised at all on direct appeal due to ineffective assistance of counsel. **Barton v. United States**, 791 F2d 265, 267 (2nd cir.1986)(per curiam)(emphasis added).

Ortiz's claim falls within the above-recognized exceptions to the bar against relitigation under §2255. This Court then should decide in the interest of justice and under the shelter of Sixth Amendment rights, to expand the exception to cover the situation here because, as explained above, Ortiz's claim challenging the leader/organized enhancement had merits before, and has merits now that had been revalidated under **Blakley**, and clarified that the statutory maximum sentence cannot exceed the base offense level without the findings of the jury trial.

### 4. Ortiz's Rule 60(b) Motion is not a Second or Successive §2255 Motion.

The government alleges that Ortiz's Rule 60(b) Motion is a "second or successive §2255 motion" which this Court should dismiss on jurisdictional and substantive grounds [Doc.42, pg.4]. The government is mistaken. First, it is noted that the Court's Order issued May 19, 2004 reads:

> "Upon reviewing Petitioner's Motion for Relief under Rule 60(b)(6), Respondent's Opposition, and the record of this case, the Court finds that the Petitioner is simply rehashing the same arguments already addressed and disposed of by this Court. Accordingly, the Court **DENIES Petitioner's motion.**"

Order, Date: May 19, 2004. (Exhibit "C").

Therefore, the district court, at no time intended to construe Ortiz's 60(b) motion as a second or successive §2255 motion. Had the court intended otherwise, the court would have stated so in the May 19-Order. Thus, Ortiz's 60(b) motion, albeit unprofe-

12

ssionally drafted, and after shedding away the other (decided) claims that have tagged along with the undecided claims raised here, was and stands a 60(b) motion, which only asserts a claim that the district court has failed to consider. The Supreme Court in **Steward v. Martinez-Villareal**, 523 U.S. 637, 643 (1998) held that a subsequent motion that reasserts a claim that was raised in a first petition, but the district court fails to rule on its merits is not a second or successive motion under §2244(b)." Similarly, in **Slack v. McDaniel**, 529 U.S. 473, 485-86 (2000), the Court held that a "new application that repeated claims earlier dismissed without prejudice because they were unexhausted was not second or successive." Ergo, Ortiz's Rule 60(b) Motion passes muster as a Rule 60(b) Motion, which only challenges the etiology of the habeas judgment itself. The instant situation should be distinguished from one in which the motion's factual predicate deals primarily with the aforesaid irregularities or procedural defect in the procurement of the judgment denying habeas relief, which <u>does</u> <u>not</u> challenge the constitutionality of the underlying federal conviction or sentence, but the manner in which the judgment denying the §2255 motion was procured, based **inter alia**, in the representations of the prosecutor made to this Forum were knowingly false, and where the judge has failed to discharge his duty to inquire the pre-trial conflict of interest claim raised in the §2255 proceeding. This is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual confines of Rule 60(b). **Rodwell v. Pepe**, 324 F3d 66, 71 (1st Cir. (2003); **United States v. Madden**, 95 F3d 38, 39 (10th Cir.1996)

13

(appropriate vehicle for challenging....judgment is motion for relief from judgment, Fed.R.Civ.P. 60(b)).[5]

## CONCLUSION

In light of the aforementioned grounds, this Honorable Court will find that the claims raised by the Petitioner are debatable among jurists, that another forum would resolve the issues differently, or that the questions raised are deserving of further proceedings. The Court therefore will conclude that Ortiz's motion does warrant a certificate of appealability. Based upon a thorough review of the record, in particular Ortiz's unruled claims in his §2255 motion, this Court will find that Ortiz has demonstrated a "substantial showing of the denial of a constitutional right." The Court should grant a certificate of appealability as to Ortiz's claims raised here to avoid manifest injustice, and allow any other relief the Court deems just and proper.

Respectfully submitted,

*[signature]*

Luis Hiram Ortiz-Cameron
#06567-069 (Unit 2-B-Upper)
FCI Yazoo City
P.O. Box 5000
Yazoo City, MS 39194-5000

---

[5] Recently, the Supreme Court ruled in **Castro v. United States**, 540 U.S.___ (2003), that a Federal District Court intending to recharacterize **pro se** litigant's motion as first motion for postconviction relief under 28 U.S.C. §2255 held required (1) to notify litigant of intended recharacterization and its consequences, and (2) to provide opportunity to withdraw or amend motion. Assuming **arguendo**, such requisite is absent here.

## CERTIFICATE OF SERVICE

I hereby certify, pursuant to **Houston v. Lack,** 243 U.S. 266 (1988), that a true and correct copy of Petitioner's Petition for a Certificate of Appealability From The District Court, was mailed this 14th day of August, 2004, to:

```
U.S. District Court
For the District of Puerto Rico
Honorable Frances De Moran, Clerk
Room 1650, Federal Bldg.
San Juan, Puerto Rico 00918-1767

U.S. Court of Appeals
For the First Circuit
Honorable Richard Donovan, Clerk
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

John J. Farley
United States Attorney
U.S. Dept. of Justice
159 Carlos Chardon Ave., Suite 421
Hato Rey, P.R. 00918
```

_____
Luis Hiram Ortiz-Cameron
Pro Se Petitioner/Appellant